IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

AFFORDABLE HOUSING PARTNERSHIP NO. 19,

    Plaintiff,

v.                                                                         Case No. 21-cv-244-JWB

FAYETTE MANOR APARTMENTS, LTD.,

    Defendant.

**MEMORANDUM AND ORDER**

The matter is before the court on Plaintiff's motion to remand. (Doc. 6.) The motion has been fully briefed. (Docs. 11, 13, 14.) For the reasons stated herein, Plaintiff's motion is GRANTED.

    **I.**    **Facts and Procedural History**

The facts set forth herein are taken from the allegations in the state court petition. In January 2021, Plaintiff, Affordable Housing Partnership No. 19 (AHP) filed a petition against Fayette Manor Apartments, Ltd. (Fayette), and J&A Inc. (J&A) in the District Court of Muskogee County, Oklahoma. (Doc 2-5.) Plaintiff is an Oklahoma partnership. Defendant Fayette is a Mississippi limited partnership. J&A is a Mississippi corporation and the substitute general partner of Fayette. Although the allegations in the petition are not entirely clear, at some point prior to J&A's appointment as a substitute general partner, Plaintiff contracted with Fayette and Fayette's past partners to purchase a majority interest in Fayette. Plaintiff alleges that Fayette breached the partnership agreement by appointing J&A as the general partner of Fayette. Plaintiff further alleges that Fayette has breached the partnership agreement in other respects. Plaintiff asserts claims of breach of contract and breach of fiduciary duty and seeks to recover damages,

obtain disbursements that allegedly should have been paid to it but were not, and to have J&A removed as general partner. *Id.*

J&A filed a notice of removal to this court initially claiming diversity jurisdiction. (Doc 2.) According to J&A, it is incorporated and has its principal place of business in Mississippi. Plaintiff is a citizen of Oklahoma because the only known partner is Stephen Capron, a citizen of Oklahoma. *Id.* at 2-3. J&A asserts that no other partners of Plaintiff are citizens of Mississippi, resulting in diversity between Plaintiff and J&A. Recognizing that Fayette is also a citizen of Oklahoma, thus defeating diversity jurisdiction, J&A claims that Fayette is a nominal defendant or improperly joined and its citizenship should be disregarded. *Id.* Shortly after this removal, Plaintiff dismissed J&A from the case. (Doc 5.)

Plaintiff now moves to remand this action to state court due to a lack of diversity jurisdiction. (Doc 6.) Plaintiff further argues that "[t]here are no facts pled that would give rise to federal question jurisdiction." *Id.* at 1. Plaintiff points out that "[t]he burden of proving jurisdiction rests upon the party asserting it." *Id.* at 2. Fayette opposes the motion to remand.

Shortly after Plaintiff moved to remand, Fayette filed a joinder to and supplement to the notice of removal. Fayette was served on September 9, 2021, and filed the notice within thirty days of being served. (Doc. 8 at 1-2.) In the supplemental notice, Fayette asserts that this court has subject matter jurisdiction under 28 U.S.C. § 1331 because Fayette is subject to United States Department of Agriculture (USDA) regulations and any funds required to pay a judgment must be approved by the USDA. (Doc. 8 at 2-3.)

II.     **Standards and Analysis**

A.     **Burden of Proof falls on Defendant**

"[T]he party invoking federal jurisdiction bears the burden of proof." *Sac & Fox Nation of Oklahoma v. Cuomo*, 193 F.3d 1162, 1165–66 (10th Cir. 1999) (internal citations omitted). In this case, the burden of proof falls on Fayette as the one who joined the notice of removal after being served.

### B.     Diversity Jurisdiction

Diversity jurisdiction is governed by federal statute which states in relevant part,

> "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States;(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332. From this statute the requirement is clear: if both parties are from the same state, diversity jurisdiction does not apply.

Fayette claims that it is only a nominal defendant and therefore the court may disregard its citizenship. In support of its argument, Fayette generally cites to various authority (outside of this circuit) finding that a partnership is a dispensable party in certain circumstances. (Doc 8 at 2). Fayette's argument here is brief. Notably, although Fayette asserts that J&A is the proper Defendant as the general partner and that it was preparing a motion to dismiss the suit against it, Fayette has failed to do so and several months have passed. As such, this court is faced with this motion to remand in which Fayette is the only remaining Defendant. Fayette has not cited any authority in which a court has disregarded a limited partnership's citizenship when it is the only Defendant. Moreover, although courts have examined whether a partnership is an indispensable party based on the characterization of the claims made by the limited partner, those cases have

3

included multiple parties. Fayette has also failed to address whether all of the claims asserted by Plaintiff can be brought against it under Oklahoma law. The Tenth Circuit has held that a limited partnership has the capacity to be sued in Oklahoma and is a real party in interest in a suit claiming an alleged breach of fiduciary duty. *See U.S. Cellular Inv. Co. of Oklahoma City v. Sw. Bell Mobile Sys., Inc.*, 124 F.3d 180, 182 (10th Cir. 1997). Therefore, without any persuasive argument by Fayette to the contrary, the court cannot conclude that Fayette is a nominal Defendant.

It is Fayette's burden to show that it is a nominal party and it has failed to do so. Therefore, the parties are not diverse here.[1]

### C. Federal Question Jurisdiction

The statute governing federal question jurisdiction states, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court has stated,

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, (1987). It falls then on Plaintiff to make a claim that is substantially a federal one to allow federal jurisdiction. And this claim must be plainly at issue on the face of the complaint.

The Supreme Court has also presented a more specific test for determining when an issue arises under the laws of the United States.

> To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, *and an essential one, of the plaintiff's cause of action*. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. A genuine and present controversy…

---

[1] Fayette concedes that diversity jurisdiction is lacking if it is not a nominal party. (Doc. 11 at 4.)

must exist…and the controversy must be disclosed upon the face of the complaint, *unaided by the answer or by the petition for removal*.

*Gully v. First Nat. Bank*, 299 U.S. 109, 112–13 (1936) (internal citations omitted, emphasis added). There must be a substantial federal issue present by merely looking at the original complaint. Looking beyond that complaint to establish a federal issue will be insufficient to establish federal jurisdiction. Further, the federal element must be so essential to the case, that the outcome of the case turns entirely upon an interpretation of the Constitution or federal law.

Again, as stated above, the burden of proving federal question jurisdiction falls to Defendant. It should be noted that Defendant does not claim that the complaint establishes a federal issue on its face. Defendant's primary argument is that because Fayette is regulated by the USDA, this case includes a federal question. (Doc 8; Doc 11). In further support of this, Fayette argues that any money paid out of certain trust accounts would necessarily require USDA approval. *Id.*

In arguing that this court has federal question jurisdiction, Fayette has merely pointed to Plaintiff's demand for a payment of "funds." (Doc. 11 at 2.) This demand does not include a demand for funds from the USDA. Rather, Fayette is asserting that it does. Fayette has not shown that a federal question is presented on the face of Plaintiff's complaint.

Moreover, the only authority cited by Fayette is *Centerpoint Properties Trust v. Norberg*,14 F. Supp. 3d 11 (D. Me. 2014). In that case, the plaintiff had prevailed in a lawsuit and attempted to enforce a judgment by freezing funds in an account that was funded in part by the USDA. The USDA then intervened and removed the action to federal court seeking to dissolve the attachment. *Id.* at 13-16. This authority is not persuasive.

Additionally, the Tenth Circuit has previously held that "the fact that federal funds are involved is, by itself, insufficient to establish the existence of a federal question." *Sac and Fox Nation of Oklahoma*, 193 F.3d 1162, 1165–66. (10th Cir. 1999). Moreover, the fact that certain

actions undertaken by the partnership may be subject to USDA regulations also does not establish the existence of a federal question. *Virgin Islands Hous. Auth. v. Costal Gen. Const. Servs. Corp*, 27 F.3d 911, 916 (3d Cir. 1994) ("The fact that a contract is subject to federal regulation does not, in itself, demonstrate that Congress meant that all aspects of its performance or nonperformance are to be governed by federal law rather than by state law applicable to similar contracts in businesses not under federal regulation.").

While the partnership agreement may require the approval of a federal agency to remove J&A as general partner, or to pay out money from the accounts of Fayette, this is an insufficient basis for establishing federal question jurisdiction. Therefore, Fayette has failed to establish that this court has federal question jurisdiction.

### III.   Conclusion

Based on all the above facts and cases, Defendant has failed to meet the burden of proving federal jurisdiction and that the case was properly removed. Therefore, Plaintiff's motion to remand (Doc. 6) is GRANTED.

The clerk is directed to remand this action to Muskogee County District Court.

IT IS SO ORDERED. Dated this 2nd day of June 2022.

___s/ John Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE